# 14-1844-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

➤➤ ◄◄

ROBERT OSUNA,

*Plaintiff-Appellant,*

*v.*

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

*Defendant-Appellee.*

————————————

*On Appeal from the United States District Court
for the Eastern District of New York (Central Islip)*

## BRIEF AND SPECIAL APPENDIX
## FOR PLAINTIFF-APPELLANT

IAN ANDERSON, ESQ.
*Attorney for Plaintiff-Appellant*
P.O. Box 150362
Kew Gardens, New York 11415
718-846-9080

# TABLE OF CONTENTS

Page

SUMMARY OF THE CASE

Nature of the Case....................................................................1

Relevant Procedural History.....................................................1

Identity of Judge.......................................................................3

Lower Court Dispositions Appealed.........................................3

Jurisdictional Statement............................................................3

STATEMENT OF ISSUES PRESENTED FOR REVIEW....................................4

RELEVANT FACTS.............................................................................5

SUMMARY OF ARGUMENTS.................................................................7

Bill of Attainder Issue...............................................................7

Issue Date of Audi Insurance and Dual Notification of SSI............................8

Pennsylvania's Overriding Superior Interest..........................9

ATTAINDER CLAUSE ARGUMENT......................................................10

Insurance Law Sec. 3420(g) prohibited Bill of Attainder.............................10

The Text....................................................................................10

The Structure.............................................................................10

The Purpose...............................................................................11

The History................................................................................12

Prohibition of Bills of Attainder, Pains and Penalties...................................13

Purpose of Attainder Clause.....................................................14

State Courts Ability to Determine Insurance Fraud by Closely
Associated Family Members.......................................................14

Standard of Review...................................................................15

Sec. 3420 (g) and Legislative Pains and Penalties.......................................16

Clear Evidence in Legislative Record of Usurpation of
Judicial Function........................................................................17

"Escape" Clauses; Secs. 3420(g)(1)&(2).......................................................18

i

DUAL NOTICE ARGUMENT........................................................19
    Supervening Public Interest Attaches to Policy on Issue and
    Filing of Certificate of Insurance for Audi Registration...........................19
    Certificate of Insurance and Supervening Public Interest........................20
    Ambiguity of Dual SSI Notification Construed in Favor
    Of Appellant....................................................................23
    Lack of Proper SSI Notice and Reduced Risk Benefit.............................23

LEX LOCI DELICTI ARGUMENT...............................................24
Lex Loci Delicti Invoked by Increased Out- of- State Insurance
Provision.......................................................................24
Pennsylvania's Overriding Governmental Interest.....................................25

CONCLUSION......................................................................27

CERTIFICATE OF COMPLIANCE................................................28

TABLE OF AUTHORITIES

Page(s)

Cases

Acorn v. United States 618 F. 3rd. 125 ........................................................... 14, 17

Black v. Allstate Ins. Co. 274 AD 2nd. 346; 711 NYS 2nd. 15 ................. 11, 14, 16

Breed v. Ins. Co. of North America 413 NYS 2nd. 351 at 354 ........................... 23

Chautauqua County Federation of Sportsmens Club v. Calfisch
15 AD 2nd. 260; 222 NYS 2nd. 835 ..................................................................... 23

Cummings v. Missouri 4 Wall 277 ........................................................... 13, 18, 19

Dattore v. Dattore 11 Misc. 3rd. 1057 ............................................................ 26, 27

Dyme v. Gordon 16 NY 2nd. 120 .................................................................... 25, 26

Ex Parte Garland 4 Wall 333 .................................................................. 13, 14, 18

Fireman's Ins. Co. v. Allstate Ins. Co. 171 AD 2nd. 186; 575 NYS 2nd. 378 ..... 11

Francis v. In a Life Ins. Co. of New York 809 F 2nd. 183 (Sec Cir) ................... 23

Fried v. North River Ins. Co. 710 F 2nd. 1022 .................................................... 23

Fuchs v London & Lancaster Ind. Co. of America 258 AD 603;
17 NYS 2nd. 338 ................................................................................................. 11

General Accident Fire and Life Ins. Co. v. Morgan et al 33 F Sup 190 ............... 11

Glebman v. Glebman 23 NY 2nd. 434 ................................................................ 14

Hamilton v. GEICO 662 A 2nd. 568 (copy A- 644 to A 651) .............................. 24

<u>Lipton Inc. v. Liberty Mutual Ins. Co.</u> 34 NYS 2nd. 356  ..................................... 23

<u>Longworth v. Great American Ins. Co.</u> 80 Misc. 2nd. 114; 362 NYS 2nd. 762  .. 12

<u>New Amsterdam Cas. Co. v. Stecker</u> 3 NY 2nd. 1  ............................................... 26

<u>Nixon v. Administrator of General Services</u> 433 US 425  ............................. 15, 16

<u>Polonitz v. Wasilindra</u> 155 Pa. Superior Ct. 62  ..................................................... 22

<u>Teeter v. Allstate Ins. Co.</u>9 AD 2nd. 176; 192 NYS 2nd. 610  ........................ 21, 22

<u>Tooker v. Lopez</u> 24 NY 2nd. 569  .................................................................... 25, 26

<u>United States v Lovett</u> 328 US 303  ................................................................ 14, 19

<u>United States v. Brown</u> 381 US 437  ............................................................. *passim*

Statutes

28 USC 1292 (b) ......................................................................................... 2

28 USC 1332  ............................................................................................. 3

28 USC 1332 (c)  ....................................................................................... 3

28 USC 1332  ............................................................................................. 1

28 USC 1441  ............................................................................................. 1

28 USC 2403  ............................................................................................. 2

29 USC 1291  ............................................................................................. 4

1937 Insurance Law as Sec.1  ................................................................... 12

1937 Insurance Law as Sec.3-a ................................................................ 12

1937 Insurance Law as Sec.109 (3-a) .................................................... 13

1937 Insurance Law as Sec.Sec.167 (3) ................................................ 13

New York Vehicle and Traffic Law, Article 6, Sec.312 (a) ................................ 21

New York Vehicle and Traffic Law, Article 6, Sec.312 (1) (a) .......................... 21

New York State Insurance Law, Sec. 3420 (g) ............................................... *passim*

New York State Insurance Law, Sec. 3420 (g) (1) .................................... 13, 18, 19

New York State Insurance Law, Sec. 3420 (g) (2) ......................................... *passim*

US Constitution Art. 1 Sec. 9 .......................................................... 13, 18

# APPELLANT'S APPEAL BRIEF

## Statement of the Case

Nature of Case

1) Appellant/ Plaintiff Robert Osuna's underlying action is for a declaratory judgement declaring Appellee/ Defendant insurance company GEICO liable to defend or indemnify him for liability in an action for personal damages brought against him by Banu Cilek Osuna. The damages action arose from an out- of- state  automobile accident in which she was injured whilst being conveyed as a passenger in a vehicle driven and insured by her Appellant husband under a motor vehicle insurance agreement with Appellee.

Relevant Procedural History

2) The underlying action was originally commenced by Appellant in the New York State Supreme Court, County of Kings in 2011 under Index Number 13961/2011 and was removed in that year by Appellee to the US District Court, Islip on the basis of Federal diversity jurisdiction contained in 28 USC 1332, and 1441. (A- 146).

3) On December 2nd. 2011 Appellant notified the New York State Attorney-General of Appellant's proposed constitutional challenge to Sec. 3420 (g) of New York State Insurance Law, relied on in the case by Appellee, as a prohibited Bill

1

of Attainder and of the Attorney- General's right of intervention pursuant to 28 USC 2403. A copy of Appellant's subsequent motion challenging the constitutionality of Sec. 3420 (g) as a bill of attainder was also served on the Attorney- General together with a copy of the Lower Court's motion- scheduling order.

The Attorney - General declined to intervene.

4) On July 16th. 2012 the Lower Court denied Appellant's motion to declare Sec. 3420 (g) of New York State Insurance Law to be a prohibited Bill of Attainder, together with  related relief. (A- 656).

5) On August 19th. 2012 the Lower Court denied Appellant's request to certify its July 16th. 2012 order for immediate interlocutory appeal to the Second Circuit Court of Appeals pursuant to 28 USC 1292 (b).

6) On April 17th.  2014, (entered April 25th. 2014)  the Lower Court granted Appellee partial summary judgement on all of Appellant's causes of actions except Cause of Action Four and denied Appellant's Cross- Motion for Summary Judgement and related relief (A- 664). This decision was previously issued by the Lower Court as an oral ruling on September 20th. 2013 (A- 668).

7) On April 25th. 2014 the lower Court dismissed Appellant's Fourth Cause of Action (A- 676) and on April 30th. 2014 dismissed his case with prejudice (A-

2

680). On May 27th. 2014 Appellant filed his Notice of Appeal (A- 681).

Identity of Judge

8) The US District Judge whose judgements are appealed is Judge Joseph F.

Bianco of the US District Court, Islip, NY.

The Lower Court Dispositions Appealed

9) Appellant appeals the Lower Court's judgement of (i) July 16th. 2012  (A- 656)

which found that Sec 3420 (g) of the New York State Insurance Law was not a

prohibited Bill of Attainder and the Lower Court's judgement of (ii) April 17th.

2014, (A- 664) which found that the insurance policy for the vehicle in question,

(first issued by Appellee and effective in 2009), should be interpreted as having

been issued prior to January 1st. 2003, the date on which a notice requirement,

imposed on insurance companies such as Appellee by New York State Insurance

Law, Sec. 3420 (g) (2), became effective.

10) The above judgements are unreported.

Jurisdictional Statement

11) The Lower Court had diversity jurisdiction under 28 USC 1332 to hear

Appellant's case. Appellant is a citizen of New York State. Appellee is alleged to

have corporate citizenship in the State of Maryland pursuant to 28 USC 1332 (c).

(A- 146)

3

12) This Court has jurisdiction under 29 USC 1291 to review the Lower Court's final order dismissing all of Appellant's claims with prejudice and to review all prior orders.

13) Appellant's appeal is timely. His Notice of Appeal was filed on May 27th. 2014, within the required 30 day period of the Lower Court's April 25th. 2014 order which dismissed his last cause of action. Alternatively his Notice of Appeal is timely having been filed within 30 days of the Lower Court's April 30th. 2014 order dismissing his claims with prejudice and closing the case.

## Statement of Issues Presented for Review

i) Whether Sec. 3420 (g) of New York State Insurance Law, automatically excluding liability for *inter-* spousal injuries from Family Insurance policies on the basis of the Legislature's attribution of insurance racketeering to married persons, is a prohibited Bill of Attainder and of no force and effect? (Lower Court answer; No.)

ii) Whether Appellee can avoid compliance with the 2003 dual notice requirement of Sec. 3420 (g)(2) of the State Insurance Law by deeming Appellant's Audi's auto- insurance cover, first issued in 2009, to have been issued in 1999 on the basis of Appellee's prior insurance cover of other vehicles? (Lower Court answer; Yes)

4

iii) Whether New York State Law, as the *lex loci contractus* or Pennsylvania State Law as the *lex loci delicti* applies to determine Appellee's liability, where the latter state has an overriding superior interest to ensure an insured's financial responsibility for all persons injured in auto accidents within its jurisdiction. (Lower Court answer; New York State Law applies)

iv) Whether the personal injuries sustained by Banu Cilek Osuna, Appellant's wife, are covered by the increased coverage in the Audi insurance policy for out-of- state use of the vehicle, to conform to out- of- state local laws such as those of Pennsylvania? (Lower Court answer; No)

Relevant Facts

14) The 1937 legislative exclusion of *inter-* spousal injuries from Family insurance contracts resulted from the State Legislature's attribution of insurance racketeering to married persons, (wives), for personal enrichment (A- 53).

15) In 2009 Appellant acquired a Audi motor vehicle, factory serial number WAULF 78 K 09 N020479. In order to register it for road use he acquired auto insurance cover for it from Appellee in February 2009. The insurance cover for the vehicle in question was renewed by Appellee in August 2009 and was in effect at the time of the Audi's auto accident during inclement weather in Pennsylvania in October 2009 when his wife sustained severe passenger injuries. (A-444 to 446)

5

16) Prior to 2009 Appellee had also insured another vehicle acquired by

Appellant. (a BMW) and renewed auto insurance cover for both vehicles in

August 2009. (A- 444, 445)

17) Appellant received no notification at all of the availability of auto

Supplemental Spousal Insurance ("SSI") cover or an explanation thereof, from

Appellee as required by under the 2003 amendment contained in Sec. 3420 (g) (2)

of the State Insurance Law which mandates such notification and explanation in

(i) the Premium Notices of all auto insurance policies issued and effective for

vehicles after 2003 and in (2) a subsequent reminder notice for such policies (A-

59,60; A- 445).  Had he received such notifications and explanation he would have

requested and obtained SSI cover (A- 445- 456).

18) Appellee does not deny it failed to provide Appellant with an SSI notice and

explanation  in the premium notices for the Audi. It contends that one, non-

premium notification of SSI was sent to Appellant (A- 87,88). But Appellee's

certified copy of the policy in question, (first version), contains no such

notification (A- 105 to 138).

19) Appellee initially denied liability for Appellant's wife's injuries, then

subsequently stated it would make an offer to settle his wife's injuries after  her

medical treatment has been completed. (A- 39, 40)

6

20) On October 3rd. 2011, Banu Cilek Osuna sued Appellant in New York State Supreme Court, County of Kings for compensatory damages arising from the injuries received in the auto accident in question. (A- 96 to A- 101).

21) The auto insurance policy for the Audi vehicle in question had an increased coverage provision for out- of- state use of the vehicle in order to comply with local out- of- state law requirements for auto- accident liability coverage, such as those of Pennsylvania. (A- 116)

## Summary of Arguments

i) Bill of Attainder Issue

22) New York State Insurance Law Sec.3420 (g) automatically excludes cover for *inter-* spousal injuries from all Family insurance policies including auto- insurance liability policies. The automatic exclusion promulgated in 1937 was based solely on the Legislature's attribution of insurance racketeering to all married persons. The automatic exclusion is perpetual and targets a defined calss of persons. The exclusion now re-enacted Sec. 3420 (g) is a prohibited Bill of Attainder without legal force or effect. Contrary to the Lower Court's reasoning, application of the Attainder Clause of the Constitution must be widely construed to prevent violations of the separation of powers doctrine, usurpation of the judicial function and fragmentation of government power. Severe hardship and harsh injustice has

7

been caused to married persons by the automatic exclusion. Catastrophic auto-injuries sustained by a spouse are left uncompensated as is death of a spouse. Notification requirements of availability of Supplementary Spousal Insurance, ("SSI"), enacted in 2003, constitute an "escape" clause which does not "cure" the bill of attainder contained in Sec. 3420 (g) based on the attribution of racketeering.

ii) <u>Interpretation of Date of Issue and Effectiveness of Audi Auto- Insurance in Light of Dual SSI Notice Requirements of Sec. 3420 (g) (2)</u>

23) If Sec. 3420 (g) is not a Bill of Attainder and applies to determine Appellee's liability for the out- of - state auto accident in question, Appellee had to comply with the 2003 dual notice requirements of amended Sec. 3420 (g) (2). Dual notice of SSI availability with an explanation has to be given by an insurer in auto-insurance policies issued and effective after January 1st. 2003. The SSI notice must appear in bold print on the face of premium policies and by a reminder thereafter at least once a year. Appellee first issued insurance cover for the Audi vehicle in February 2009 and renewed the vehicle's cover in August 2009. The filing of a certificate of insurance for registration of the Audi in 2009 created a supervening public interest which attached the dual notification requirements to the policy. The Lower Court failed to address the effect of filing a certificate of insurance to register the Audi for road use in 2009. Any doubt on the applicability

8

of the dual notice requirements of Sec. 3420 (g) (2) must be resolved in favor of Appellant. Failure to give proper dual notification of SSI estops Appellee from acquiring the benefit of a risk reduction under the policy.

iii) <u>Pennsylvania's Overriding Superior Interest</u>

24) New York State is the only state which automatically excludes *inter*- spousal injuries from Family insurance cover, including auto- insurance policies (A- 468). Pennsylvania and all other states automatically include cover for such injuries. Pennsylvania law, as the *lex loci delicti*, determines Appellee's liability not New York law, since Pennsylvania has an overriding superior interest to ensure an insured motorist's financial responsibility for all persons injured in auto accidents within its jurisdiction.

Appellee's policy for the Audi provides for increased coverage for out- of- state use of the vehicle to conform to out- of- state local laws. This provision increases the scope of  persons covered to include those under Pennsylvania's insurance law. The insurance law of the *lex loci delicti* therefore applies to determine Appellee's liability.

# ATTAINDER CLAUSE ARGUMENT

## State Insurance Law Sec. 3420 (g) is a Prohibited Bill of Attainder

i) The Text

26) New York State Insurance Law Sec. 3420 (g) states the following;

> "*No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy as provided in paragraphs one and two of this subsection. This exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse*".

ii) The Structure

27) The first paragraph contains the original peremptory 1937 automatic exclusion of liability for *inter-* spousal injuries from all Family insurance policies, including auto- insurance issued in New York State. The second paragraph was added in August 1st. 1976 to exclude the application of the first paragraph in claims by injured spouses against culpable third parties who impleaded the insured spouse.

28) Reference in the first paragraph to "*paragraphs one and two of this subsection*" was added in 2002 and applies only to auto- insurance policies. It requires auto- insurers to explain and give notification of the availability of Supplemental Spousal Insurance cover, ("SSI").

10

29) The first paragraph's automatic exclusion applies solely to lawfully married persons and not to Family insurance liability for injuries to a  paramour, domestic partner, siblings, children, blood and other non- blood relations, friends,  strangers or hitchhikers. No similar automatic liability exclusion applies in the State Insurance Law to injuries arising between unmarried persons.

iii) <u>The Purpose</u>

30) Sec. 3420 (g) automatic exclusion was designed to protect private insurance companies from insurance racketeering, which the State Legislature ascribed solely to all lawfully married persons (A- 53). Both Federal and State courts have judicially recognized  that the automatic exclusion of liability for *inter*- spousal injuries was promulgated for this purpose only.

31) See;  *General Accident Fire and Life Ins. Co. v. Morgan et al* 33 F Sup 190 at 192.193.

*Fuchs v London & Lancaster Ind. Co. of America* 258 AD 603; 17 NYS 2nd. 338 at 339 to 340.

*Black v. Allstate Ins. Co.* 274 AD 2nd. 346; 711 NYS 2nd. 15 at16,17

*Fireman's Ins. Co. v. Allstate Ins. Co.* 171 AD 2nd. 186;575 NYS 2nd. 378 at 379.

11

iv) <u>The History</u>

32) In 1880 the State Legislature in Albany passed legislation to permit rights of action to married women. This did not include actions against their husbands since the common law doctrine of the sanctity of marriage precluded *inter-* spousal actions. In 1937, following criticism by the State Court of Appeals, the State Legislature considered legislation removing the common law prohibition on *inter-*spousal actions (A- 53).

33) In considering  removal of the prohibition, the Legislature ascribed married persons with the propensity to commit insurance fraud and racketeering for personal enrichment. As a consequence in enacting the removal of the prohibition it simultaneously enacted an amendment to the State Insurance law, automatically excluding insurance cover for *inter-* spousal injuries. Sec.1 and Sec. 3 (a) respectively of Chapter 669 of Laws of New York 1937 contain both enactments. The automatic exclusion is perpetual and applies to date to all Family Automobile Insurance policies, (as in the present case)  and all Family Homeowner Liability policies.

See;

*Longworth v. Great American Ins. Co.* 80 Misc. 2nd. 114; 362 NYS 2nd. 762 at 765, 766.

12

34) The automatic exclusion of insurance cover for *inter*- spousal injuries was introduced into the 1937 Insurance Law as Sec.109 (3-a) and later re- enacted as Sec.167 (3). At present the automatic exclusion appears in Sec. 3420 (g) of the Insurance Law.

35) Due to increased criticism by the State courts of the severe injustice of this automatic exclusion in Family Insurance policies, (for example in <u>*Black v.Allstate Ins. Co*</u>. *supra* para. 31), the Legislature in 2002 enacted  Sec. 3420 (g) (1) and (2) requiring auto- insurers to make Supplemental Spousal Insurance ("SSI") available with an explanation and provide *dual* notifications of such cover in all motor vehicle liability policies issued after January 1st. 2003. A single notification, is required for policies insuring vehicles before that date (A- 480).

36) No notification of SSI or an explanation thereof is required by the 2002 amendment for Family Homeowner Liability policies.

v) <u>Constitutional Prohibition on Bills of Attainder and Pains and Penalties</u>

37) Art. 1 Sec. 9 of the US Constitution prohibits Congress from passing a Bill of Attainder. This prohibition also applies to State legislatures.

<u>*Cummings v. Missouri*</u> 4 Wall 277 at 323

<u>*Ex Parte Garland*</u> 4 Wall 333 at 379,380.

38) The Attainder Clause prohibition also includes Bills of Pains and Penalties.

*Ex Parte Garland, supra* at 377.

*United States v Lovett* 328 US 303 at 317, fn.6

vi) Purpose of Attainder Clause

39) The prohibition of Article 1 Sec.9 was to implement the fundamental constitutional norm of the separation of powers as a safeguard against the legislative exercise of the judicial function and fragmentation of government power.

*United States v. Brown* 381 US 437,442.

*Acorn v. United States* 618 F. 3rd. 125 at 135.

40 ) The Lower Court did not specifically address the separation of powers issue, or the preclusive effect of  Sec. 3420 (g) on the States Court's ability to consider the unlikelihood of collusion, as in the present case. (*Black*, *supra,* at 16)

vii) State Court's Ability to Judicially Determine Cases of Insurance Fraud
    in Closely Associated Family Persons

41) In 1969 the State Court of Appeals in *Glebman v. Glebman* 23 NY 2nd.  434; 287 NYS 2nd. 529 at 532,  rejected the contention that a close family relationship automatically created a presumption of fraudulent and collusive auto- insurance claims. The Court rejected such a presumption and refused to bar actions between

such closely related family members, citing the ability of the courts and the jury system to determine such issues of insurance fraud and collusion.

> *"There are analogous situations where we rely upon the ability of the jury to distinguish between valid and fraudulent* [insurance] *claims. The effectiveness of the jury system will pertain in the present situation."*

42) No State court has ever determined that the institution of marriage creates an automatic presumption of insurance racketeering by married persons. Only the Legislature has done so.

viii) <u>Standard of Review</u>

43) The Attainder Clause is a safeguard against the legislative usurpation of the judicial function and must be reviewed widely, not as;

> *"a narrow, technical (and therefore soon to be outmoded) prohibition, but rather as an implementation of the separation of powers, a general safeguard against legislative exercise of the judicial function, or more simply- trial by legislature."*

<u>United States v. Brown</u>, *supra* at 442.

44) In <u>Nixon v. Administrator of General Services</u> 433 US 425 at 475 the Supreme Court  emphasized that review of legislation under the Attainder Clause must not be restricted to traditional forms of bills of attainder determined in the past. This included prior enactments concerning "*employments and vocations*".

45) The Lower Court erred in employing a narrow standard of review to Sec. 3420 (g), finding an absence of an "*historical form of punishment*" (A- 660, 661). But in

15

_Nixon_, _supra_ 475, the Supreme Court stated that; "_our inquiry is not ended by the determination that the Act imposes no punishment traditionally judged to be prohibited by the Bill of Attainder Clause_."

46) Legislative usurpations of the judicial function take a wide variety of forms and severity; _United States v. Brown_, _supra_ at 447.

ix) Sec. 3420 (g) and Legislative Pains and Penalties

47) Contrary to the Lower Court's view, the automatic disability imposed on all married persons in family liability policies on the legislative presumption of "racketeering" can create severe hardship and injustice.

48) Horrendous and catastrophic injuries sustained by a spouse are left uncompensated, as is the death of a spouse. In _Black v. Allstate Insurance Co_., _supra_, 16,17  the State appellate court acknowledged the harsh nature of the injustice caused by the "_anachronistic_" automatic exclusion, affecting;  "_literally millions of married New York drivers_". In _Black_, the driver, Mrs. Powell, suffered severe brain damage rendering her incompetent and  her passenger husband was killed following a collision with a stolen car. Her husband's death was left uncompensated.

49) Contrary to the lower Court's finding, a "grave imbalance" exists, as in the _Black_ case, between the unjust effects of the automatic exclusion and its purported

16

purpose to protect insurance companies against the legislative presumption of racketeering- fraud by married persons. The overwhelming majority of millions of honest, married New Yorkers suffer equally with possibly a few dishonest ones.

50) The imbalance also bars State courts from determining by the adjudication process whether claims for such *inter-* spousal injuries are in fact fraudulent, to the prejudice of the majority of non- fraudulent married claimants.

51) The Lower Court also erred in overlooking the patent legislative irrationality in attributing insurance racketeering to all married persons in 1937 (A- 661) when there was no prior history of actions between spouses.

 As such, there was not a shred of evidence of insurance racketeering by married persons  when the 1937 automatic exclusion was enacted. See also NYS Law Revision Commission; the automatic exclusion "*lacks sound justification in today's world*". (A-470)

 x) Clear Evidence in Legislative Record of Usurpation of Judicial Function

52) The Attainder Clause was primarily enacted to protect judicial power from being exercised by the legislative branch of government. It was not primarily enacted to protect individuals.

*Acorn v. United States*, *supra*, 135;

   "*The broadness of the American prohibition of bills of attainder under Article*

17

*1, section 9 is more a reflection of Constitution's concern with fragmenting the government power than merely preventing the recurrence of unsavory British practices of the time.*"

While the State Legislature may determine penalties for specific crimes, it is the sole function of the State courts, not the Legislature, to attribute wrongdoing to individuals after an evidentiary hearing. The 1937 Legislative Record clearly shows that the State Assembly introduced the automatic spousal exclusion as a result of its attribution of insurance racketeering to all married persons. (A- 53) But the pronouncement of wrongdoing is the exclusive function of the State courts not the Legislature.

xi) "Escape" Clauses; Sec. 3420 (g) (1) & (2)

53) The notification and explanation of SSI cover required by the 2002 amendment in Secs. 3420 (g) (1) & (2) were designed to allow spouses to avoid the harsh effects of the automatic exclusion of Sec. 3420 (g) which has not been repealed. Such provisions are common in Bills of Attainder and Bills of Pains and Penalties for the avoidance of the "pain" or disability they otherwise impose.

*US v. Brown* , *supra* at 442.

54) Simple escape provisions for the taking of an oath  were provided by the Supplementary Congressional Act in *Ex Parte Garland*, *supra*, and by the Missouri Reconstruction Constitution in *Cummings v. Missouri*, *supra*. Both enactments

18

violated the Attainder Clause since, as in the present case, they were premised on the legislative attribute of wronging to a defined class of individuals. As stated in *Cummings, supra*, 327,

> "*This deprivation is a punishment; nor is it any less so because a way is open for escape from it by the expurgatory oath*."

55) In *US v. Brown*, *supra*, the Congressional escape clause required Brown to do nothing to avoid the penalty, which was incurred only if he joined a Labor Union.

56) The escape provisions of Secs. 3420 (g) (1) & (2) cannot "cure" the State Legislature's violation of the Attainder Clause by exercising "judicial magistracy" and attributing all married persons with insurance racketeering.

## DUAL NOTICE ARGUMENT

Supervening Public Interest Attaches on Filing Certificate of Auto Insurance
for Vehicle Registration

57) Secs. 3420 (g) (1) & (2), unlike Sec. 3420 (g), deal exclusively with liability for *inter*- spousal injuries in auto insurance policies. Sec. 3420(g)(2) requires insurers who issue auto insurance policies which become effective after January 1st. 2003 to notify the insured in bold face type on the front of the premium notice of the availability of SSI, with an explanation of such cover and repeat such notification in a non- premium notice form at least once a year. For auto insurance

policies issued and effective before January 1st. 2003 only a single non- premium notification of SSI is required.

58) Appellee issued auto insurance for Appellant's new Audi vehicle for the first time in February 2009. The Audi policy became effective six (6) years after the dual notice requirement of Sec. 3420 (g) (2) came into force. Appellee renewed the Audi policy in August 2009.

59) Despite this, the Lower Court found that under Sec. 3420 (g) (2) the Audi policy was issued and became effective in 1999, (presumably a reference to Appellant's earlier policy for his BMW) and was only renewed in 2009. (A- 637 and fn 4). As such the dual SSI notification requirement in the premium notice and subsequently thereafter, did not apply to the Audi policy (A-673)

60) The Lower Court's finding that the Audi's auto policy was issued and effective in 1999 for the purposes of the dual notification of Section 3420 (g) (2) is problematic. If correct, it would eviscerate the premium notice requirement of SSI for all vehicles acquired and insured after 2003 where an insurer had at any time in the past insured other vehicles of the insured.

i) Certificate of Insurance and Supervening Public Interest

61) The Lower Court erred in failing to consider Appellant's purpose in obtaining the February 2009 auto liability insurance for the Audi, namely as proof of

20

financial security required for registration of the Audi vehicle for road use.
Appellant could not establish this financial security requirement for the Audi's
registration by reference to auto insurance cover issued by Appellee currently or in
the past, for other vehicles.

62) New York Vehicle and Traffic Law, Article 6, Sec.312 (1) (a) (Motor Vehicle
Financial Security Act) specifically requires proof of financial security in the form
of insurance or a bond before a motor vehicle will be registered for road use.
Proof of such security is satisfied for registration purposes, when a certificate of
insurance for the specific vehicle in question is filed with  New York State
Commissioner of Motor Vehicles. Such certification is filed by the insurer per Sec.
312- a.

63) The insurer's filing of the certificate of insurance with the Commissioner,
however,  alters the rights and obligations of the parties in accordance with current
statutory provisions.

64)  In _Teeter v. Allstate Ins._ Co.9 AD 2nd. 176;192 NYS 2nd. 610 the insurer's
contractual right to rescind an auto insurance agreement *ab initio* for fraud, was
restricted  by relevant statutory provisions to ensue continuous liability insurance
coverage which were in force when the insurer filed the certificate of insurance.

21

> "*Once a certificate of insurance under section 93- b* (now Sec. 312) *has been issued by an insurance company and filed with the Commissioner, the contract of insurance ceases to be a private contract between the parties. A supervening public interest then attaches and restricts the rights of the parties in accordance with the statutory provisions.*"

*Teeter* at 616.

Similar effects apply in Pennsylvania Law. See; *Polonitz v. Wasilindra* 155 Pa. Superior Ct. 62 at 66. (copy A- 652 - 654 at A- 653)

65) Sec. 3420(g)(2) contains an important dual notification requirement of SSI cover by premium and non- premium notices in auto- insurance policies issued  and effective after January 1st. 2003. In February 2009 Appellee issued and filed a certificate of insurance satisfying the financial security requirement for the registration of the Audi for road use. The dual statutory provisions of Sec. 3420 (g)(2) were in force on that date and  attached to the Audi insurance policy by virtue of the supervening public interest created by the issue and filing of the Audi's 2009 certificate of insurance. Appellee was accordingly required to provide Appellant with the dual notification of SSI mandated by the statute.

66) The issue of  supervening public interest attaching to the Audi policy on Appellee's filing of the 2009 certificate of insurance was argued by Appellant (A- 637) but not addressed by the Lower Court.

22

ii) <u>Ambiguity of Dual Notice Requirements Construed in Favor of Appellant</u>.

67) Any ambiguity as to whether the dual SSI notice requirements of Sec. 3420 (g)
(2) apply to the Audi policy following Appellee's filing of the 2009 certificate of
insurance  must be construed against Appellee and in favor of Appellant since
failure to provide proper dual SSI notification created a reduced risk benefit for
Appellee in this case. See;

*Francis v. In a Life Ins. Co. of New York* 809 F 2nd. 183 (Sec Cir) citing with
approval the State Court of Appeals in *Breed v. Ins. Co. of North America* 413
NYS 2nd. 351 at 354, that ambiguities are liberally construed in favor of the
insured.

*Lipton Inc. v. Liberty Mutual Ins. Co.* 34 NYS 2nd. 356 at 361.

*Fried v. North River Ins. Co.*  710 F 2nd. 1022, citing *Breed* at 1025.

iii) <u>Lack of Proper SSI Notice and Reduced Risk Benefit</u>

68) Failure to properly comply with the dual SSI notice requirements of Sec. 3420
(g) (2) estops Appellee from acquiring a reduced risk benefit under the general
automatic exclusion of *inter-* spousal injuries under Sec. 3420 (g).

See, *Chautauqua County Federation of Sportsmens Club v. Calfisch* 15 AD 2nd.
260; 222 NYS 2nd. 835 which approved the general equity rule that a party is
estopped from relying on the beneficial consequences of a failure to properly

23

inform another party of a fact which results in prejudice to the latter. This equity rule is of importance in insurance contracts which require *uberrimae fidei,* especially where Sec. 3420 (g) reversed the rule on express notice of lack of cover.

## LEX LOCI DELICTI ARGUMENT

i) <u>*Lex Loci Delicti* Invoked by Increased Out- Of- State Insurance Provision</u>

69) The auto accident in question occurred out- of- state in October 2009 on a road in Pennsylvania during inclement weather. The 2009 filing of the certificate of insurance as proof of financial security for auto injuries permitted registration of the Audi for road use in New York and any other state, including Pennsylvania. Under Pennsylvanian Law, (and all other states except New York) *inter*- spousal injuries are not automatically excluded from auto insurance cover (A- 468; Law Review Commission Report).

70) These inclusive states do not apply New York law of automatic exclusion of *inter*- spousal injuries to spousal auto- injuries sustained within their jurisdictions. See for example the New Jersey case of <u>*Hamilton v. GEICO*</u> 662 A 2nd. 568 (copy A- 644 to A 651). An almost identical Family auto insurance policy was issued by Appellee to Stuart Hamilton a New York resident. Following Appellee's filing of a certificate of insurance the vehicle was registered by New York for road use. In contesting liability under the policy for injuries to Hamilton's wife due to a New

24

Jersey auto accident, Appellee argued that New York law as the law of the Hamiltons' residence should apply to determine liability. (A- 646) not New Jersey law as the *lex loci delicti*.

71) In reversing summary judgement to Appellee, the court held *inter alia* that the policy's "Out Of State Insurance" provisions, (identically worded to those in the present case; A-116) increased the scope of persons covered to include those automatically covered by New Jersey's insurance law. The insurance law of the *lex loci delicti* therefore applied to determine Appellee's liability.(A- 650).

72) The identical contractual provisions of Appellant's increased Out of State Insurance cover, (A- 116), similarly anticipated an *envoi* to the local law of the *lex loci delicti,* Pennsylvania, (which automatically includes *inter*-spousal injuries in auto insurance cover), to determine Appellee's liability for the spousal injuries in question.

ii) <u>Pennsylvania's Overriding Governmental Interest</u>

73) In 1965 the New York Court of Appeals in <u>*Tooker v. Lopez*</u> 24 NY 2nd. 569, resolved earlier conflicting approaches to resolving insurance liability issues for out- of- state auto injuries to New York residents by employing the "superior interest" test previously formulated in <u>*Dyme v. Gordon*</u> 16 NY 2nd. 120.

74) In <u>*Dyme, supra*</u>, at 124, the court approached the issue as follows;

25

"[It] *is necessary first to isolate the issue, next to identify the policies embraced in the laws in conflict, and finally to examine the contacts of the respective jurisdictions to ascertain which has a........superior interest in having its policy or law applied*."

75) In the present case New York insurance law automatically excludes *inter*-spousal injuries while Pennsylvanian law (like all other state laws), does not. Pennsylvania has the greatest contact with the issue of liability cover since it has a governmental responsibility for auto- accidents within its jurisdiction. No such similar governmental responsibility attaches to New York in the circumstances of the case.

76) Since Pennsylvania has an overriding governmental interest, Pennsylvanian Law as the *lex loci delicti* applies on the *Dyme* formula to determine Appellee's liability.

77) The Lower Court's reliance on pre - 1965 *Tooker* decisions of the New York courts in this regard is misplaced. (A- 871) The decision in *New Amsterdam Cas. Co. v. Stecker* 3 NY 2nd. 1, relied on by the Lower Court was decided in 1957, eight (8) years before the Court of Appeals endorsement in *Tooker, supra* of the "*superior interest*" rule in *Dyme*.

78) An analysis of the Lower Court's further reference to *Dattore v. Dattore* 11 Misc. 3rd. 1057 (A), a 2006 decision of the Bronx Supreme Court, reveals that the

26

judge in *Dattore,* in applying New York law, only relied on the 1957 *New Amsterdam Cas. Co*. case and other pre- 1965 *Tooker* decisions, without reference to the later Court of Appeals' rule in *Tooker*.

## CONCLUSION

In light of the above the Lower Court's judgments denying Appellant the relief sought must be reversed and Appellee found liable to defend or indemnify Appellant for liability in the personal damages action brought against him by Banu Cilek Osuna for severe out- of - state auto- injuries.

Dated; August 30th. 2014


/s/ _____
    Ian Anderson (IA 0927)
    Appellant's Counsel

27

## Certificate of Compliance with FRAP 32(a)

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,569 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14 point font.

Dated; August 30th. 2014

/s/ _____
        Ian Anderson (IA 0927)
        Appellant's Counsel

28

SPECIAL APPENDIX

**<u>Table of Contents</u>**

<u>**Page**</u>

Judgment of the United States District Court,
   Eastern District of New York, dated April 30, 2014,
     Appealed From ................................................................. SPA1

Notice of Appeal, dated May 9, 2014 ................................................. SPA2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ROBERT OSUNA,

                  Plaintiff,

       - against -

 

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

                Defendant.
-----------------------------------------------------------X

**JUDGMENT**
CV-11-3631 (JFB)(AKT)

An Order of Honorable Joseph F. Bianco, United States District Judge, having been filed on April 28, 2014, dismissing this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2), and directing the Clerk of Court to enter judgment accordingly and to close this case,  it is

**ORDERED AND ADJUDGED** that plaintiff take nothing of defendants; that this case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2); and that this case is hereby closed.

Dated: Central Islip, New York
       April 30, 2014

                         DOUGLAS C. PALMER
                         CLERK OF THE COURT

           BY:   /S/ CATHERINE VUKOVICH
                       DEPUTY CLERK

## NOTICE OF APPEAL

**\*\*\*\*\*\*\*\*\*\*\***

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

Robert Osuna

                            **Plaintiff**

-*against*-

Government Employees Insurance Company
a/k/a GEICO

                            **Defendant**

----------------------------------------------- -----------X

**NOTICE OF APPEAL**
Docket No. 11 CV- 3631
(JFB) (AKT)

Notice is hereby given that Robert Osuna, Plaintiff in the above matter, hereby appeals to the United States Court of Appeals for the Second Circuit from the judgement and order of the Hon. Joseph F. Bianco, United States District Judge, dismissing Plaintiff's action with prejudice and closing his case, entered on the 30th. day of April 2014 and from all prior judgements and orders in this case including Judge Bianco's orders dismissing Plaintiff's Fourth Cause of Action for the reasons stated therein, entered on the 25th. day of April 2014, dismissing Plaintiff's claims except his Fourth Cause of Action, entered on the 17th. day of April 2014 and dismissing his motion for summary judgement entered on the 16th. day of July 2012.

1

Ian Anderson Esq.
(IA 0927)
Plaintiff's Counsel

P. O. Box 150362
Kew Gardens,
New York  11415

Tel. 718- 846- 9080

Date May 9th 2014


To;

Picciano & Scahill P. C.
Defendant's Attorneys
900 Merchants Concourse
Suite 310
Westbury, NY 11590
Tel. 516- 294 -5200

2